Mayen Figueroa v. Sessions

BIA
Loprest, IJ
A089 082 433

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of September, two thousand seventeen.

PRESENT:
GUIDO CALABRESI,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
        *Circuit Judges.*

_____

MARCOS MAYEN FIGUEROA, AKA MARCOS MAYENFIGUEROA, AKA MARCOS DOROTEO MILIAN GALVEZ, AKA MARCOS FIGUEROA GALVEZ, AKA MARCOS MAYEN,
        *Petitioner,*

v.                                              16-1066
                                                NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Gregory Osakwe, Hartford, CT.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General, John S. Hogan, Assistant Director, Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Marcos Mayen Figueroa, a native and citizen of Guatemala, seeks review of a March 11, 2016 decision of the BIA affirming an August 27, 2015 decision of an Immigration Judge ("IJ") denying Mayen Figueroa's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Marcos Mayen Figueroa,* No. A089 082 433 (B.I.A. Mar. 11, 2016), *aff'g* No. A089 082 433 (Immig. Ct. N.Y. City Aug. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's alternative findings on past persecution and the likelihood of future persecution, which the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We deny the petition because Mayen Figueroa has failed to challenge the dispositive adverse credibility determination.

An adverse credibility determination, on its own, constitutes substantial evidence that Mayen Figueroa has failed to carry his burden of proof. *Zhou Yun Zhang v. U.S. INS*, 386

2

F.3d 66, 79 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Moreover, the adverse credibility ruling was a dispositive basis for the denial of withholding of removal, the only form of relief the denial of which Mayen Figueroa challenges here. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Although the IJ relied on multiple grounds for denial, the adverse credibility determination was the BIA's sole basis for denying withholding of removal; therefore, a successful challenge to the agency's adverse credibility determination is essential to Mayen Figueroa's petition.

We conclude that Mayen Figueroa has abandoned any such challenge by failing to argue credibility in his brief. "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *see Yueqing Zhang v. Gonzale*s, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (declining to consider argument where petitioner "devot[ed] only a single conclusory sentence to the argument"). Here, although Mayen Figueroa's brief references "credible evidence," he argues only that he satisfied his burden by demonstrating a likelihood of persecution. He does not address any specific credibility ruling, much less provide any reason

why the IJ and BIA's credibility findings—based on his inconsistent testimony, evasive demeanor, and lack of corroborating evidence—were in error. It is not enough for a petitioner to identify a challenged ground in his brief; he must also argue that challenge. *See Yueqing Zhang*, 426 F.3d at 545 n.7.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4